Alejandro Laborde, Plaintiff and Appellee, v. Municipality of Isabela, Defendant and Appellant.

No. 3881. Argued May 12, 1927.—Decided July 12, 1927.

M. Tous Soto for the appellant. Leopoldo Feliú for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On the day before the date set for the hearing a motion was filed for the dismissal of the appeal and the motion was heard together with the case on its merits on the 12th of May.

The ground for the motion is that the losing party had been notified of the judgment appealed from on the 9th of October, 1925, and did not appeal until the 8th of December, 1925, on which date the statutory thirty days for taking an appeal had expired.

In support of his motion the appellee exhibited a certificate issued by the clerk of the district court reading in part as follows:

''That in this case the district court, on October 8, 1925, rendered judgment ordering the Municipality of Isabela to pay to the plaintiff the sum of five thousand dollars as agreed upon for his services in the negotiation of a loan for that municipality, without interest or costs.

''That the said judgment was notified to the defendant municipality on October 9, 1925.''

Leave was granted to the appellant at the hearing for filing a writing in answer thereto within five days.

On May 27, 1927, the appellee made another motion for a decision in the case on the motion to dismiss. The following statement appears in said motion which was notified to the attorney for the appellant:

"That at the said hearing the appellant offered to file a certificate of the clerk showing the date on which that notice was really given, and up to the present that document has not been filed by the appellant."

The defendant municipality did not file its opposition within the time granted or thereafter. Nor has it filed the certificate mentioned by the appellant.

Under these circumstances and pursuant to the provisions of section 295 of the Code of Civil Procedure, we are of the opinion that the motion should be sustained, and therefore the appeal is dismissed.